## Ansel B. Cook
## v.
## James Phillips.

1. PARTNERSHIP—CONSTRUCTION OF CONTRACT.—A provision in a partnership agreement that one partner shall have the sum of five dollars per day, and in addition to said *per diem* shall receive a one-fourth part of the net profits of the firm, construed to mean that the five dollars *per diem* shall be charged to expense and not to the other partner individually.

2. SAME—COPARTNER CAN NOT CHARGE FOR PERSONAL SERVICES.—In the absence of an agreement to that effect, one partner can not charge his copartner for services rendered about the partnership business, even when the services of the respective partners have been very unequal.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed June 30, 1885.

This was a bill in equity, brought by appellee against appellant, for an accounting of partnership dealings. Prior to April 2, 1883, appellant had been doing business as a contractor and builder in the city of Chicago. Appellee was a mason and during that year had acted as foreman for appellant. At the date last mentioned appellant and appellee entered into partnership under written articles of agreement which, among other provisions, contained the following:

" That for and in consideration of the services of said Phillips in the past, and the promised good services in the future, that he will with his best endeavor promote the business in which said Cook is engaged, viz., that of a contractor and builder, that he, the said Cook, admits him as special partner, and for the purposes herein named, to wit, the said Phillips is to have the sum of five dollars per day (Sundays and holidays excepted) from the date hereof until the dissolution of this partnership as hereinafter provided. And in addition to the above *per diem*, the said Phillips is to receive a one-fourth part of the net profits of the business of said firm. The said Cook is to furnish all the capital, tools and machinery necessary to conduct the same.".

Cook v. Phill ps.

The agreement further provided that Cook should conduct the business and control the same as if no partnership existed, should have the sole power to sign checks, contracts and receipts, and might terminate the partnership at his pleasure, with or without notice and with or without cause, upon paying or tendering to Phillips what might be due to him on account of wages and profits.

The master to whom the case was referred to take proofs and report upon the facts and law of the case, found that appellant was indebted to appellee in the sum of $844.72, and the court rendered a decree accordingly.

Cook appealed to this court.

Messrs. TRUMBULL, WASHBURNE & ROBBINS, for appellant; cited Maver v. Upton, 7 Iredell (N. C.), 459; Hills v. Bailey, 27 Vt. 550; Fuller v. Miller, 105 Mass. 103.

Mr. FRANK A. JOHNSON, for appellee; cited Selz v. Buel, 105 Ill. 122.

WILSON, P. J. It appears from the master's report, that in ascertaining the amount of the net profits he excluded from expense account appellee's *per diem*, and charged the same to appellant individually. As appellee's share of the profits, calculated upon this basis, would be materially increased, it is essential to determine whether this mode of computation is warranted by the partnership agreement. The agreement provides that " said Phillips is to have the sum of five dollars per day," etc., but it does not say, in terms, from whom he is to have it, nor does it otherwise define how the net profits are to be computed. The fact that provision is made in the contract for the *per diem* allowance, furnishes, of itself, no evidence that it is to be paid by appellant individually. It is a familiar principle that, in the absence of an agreement to that effect, one partner can not charge his co-partner for services rendered about the partnership business. Even when the services of the respective partners have been very unequal, or are all rendered by one partner, if there be no agreement that

such services shall be remunerated, no charge in respect to them can be allowed in taking the partnership account. 1 Lindley on Part. 774; Par. on Part. 229; Lewis v. Moffett, 11 Ill. 392; Roach v. Perry, 16 Id. 37; 7 Paige, 483. The provision for the *per diem* was doubtless inserted to avoid the effect of the principle just stated, and this was its only office. Without it appellee would not have been entitled to any remuneration for his labor beyond his share of the profits of the business.

To whom, then, was appellee to look for his *per diem* pay? We think the partnership agreement in that respect is susceptible of but one construction. The services were rendered, not for appellant individually, but for the firm, and the natural, indeed the only legitimate inference is that they were to be paid for by the party for whom they were rendered, it not being otherwise provided for in the contract. The case is simply that of a partnership in which one partner furnishes the capital and the other his labor, with a stipulation that he is to be paid therefor by the firm. Whatever is paid by the firm for materials or labor, is chargeable to expense account, and must be deducted from the gross earnings of the business, when computing the net profits.

To adopt the construction contended for by appellee, is to ignore the existence of the partnership, and make Phillips a mere employe of Cook. That there was a partnership is not disputed. Appellee in his bill, and appellant in his answer so allege, and the agreement in express words creates the partnership relation. The fact that appellant had the exclusive management of the business, that he alone was authorized to draw checks, and had the right to dissolve the partnership at his pleasure, is not inconsistent with the existence of a partnership. The parties had the right to fix upon whatever terms and conditions they saw fit.

The case of Selz et al. v. Buel, 105 Ill. 122, is not, as we understand the opinion of the court, in conflict with the views here expressed. That was a suit, not by a partner, but by an employe of the firm, to recover for services rendered under a special contract, by the terms of which the plaintiff was to re-

Cook v. Phillips.

ceive as salary or compensation a sum equal to one fifth of the net profits of the business, which sum the firm guaranteed should be not less than $7,500 per year. The contract pointed out the manner in which the profits were to be calculated, and the court held that, under the provisions of the contract, to treat the amount guaranteed as a factor in ascertaining the amount of the net profits, would be, in effect, to compel the employe to contribute toward the payment of the amount guaranteed; in other words, that Buel's compensation should not be charged to expense account, in determining what his share of the profits was. In the present case, the language of the partnership agreement does not require such a construction. On the contrary, we think the language of the agreement must be held to manifest an intention that the net profits should be computed upon the basis of charging appellee's *per diem* to expense account.

As to the Holmes job, no reason is perceived for applying to it any other or different rule than that applicable to the other partnership transactions. Whatever was received from Holmes, whether in the form of commissions, or for appellee's day's work, belonged to the firm, and constituted a firm fund, to be accounted for and divided on the same basis as the other partnership earnings. The proofs tended to show that Holmes paid as commissions, $1,175, and $550 for appellee's labor, making the gross earnings $1,725; but as the $550 must be treated as a firm expense, and chargeable to expense account, there remains as net profit on that transaction, $1,175.

The evidence as to the date of the termination of the partnership, was conflicting. The master found that the date was March 22, 1884, and we can not say that the finding in that particular is not supported by the proofs.

The decree is reversed and the cause remanded to the court below for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.